UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CELIA BENICO, individually, ) <br> MARISABEL BENICO, EDEN BENICO ) <br> BELTRAN, individually, and CELIA ) <br> BENICO, as Guardian ad Litem for ) <br> OB, a minor, ) <br>    ) <br>     Plaintiffs, ) <br>    ) <br>  -vs- ) <br>    ) <br> BRIDGESTONE/FIRESTONE, INC., ) <br> BRIDGESTONE/FIRESTONE NORTH ) <br> AMERICAN TIRE, LLC, and ) <br> BRIDGESTONE AMERICAS HOLDING, ) <br> INC., ) <br>    ) <br>     Defendants. ) <br>    ) | NO.  CV-04-0292-LRS <br><br> **ORDER GRANTING DEFENDANTS' <br> MOTION FOR SUMMARY JUDGMENT** |

Before the Court is the motion for summary judgment by defendants Bridgestone/Firestone, Inc.; Bridgestone/Firestone North American Tire, LLC; and Bridgestone Americas Holding, Inc. (Ct. Rec. 17).

**I.   BACKGROUND**

Defendants' summary judgment motion was filed September 19, 2005 and noted for hearing, without oral argument, on October 20, 2005. A "Certificate of Service" executed September 19, 2005 (Ct. Rec. 23) indicates the motion was served by ECF notification upon counsel for the plaintiffs. An "Amended Certificate of Service" executed October 5, 2005 (Ct. Rec. 24) indicates the motion was served by e-mail and U.S. Mail

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

upon counsel for the plaintiffs. Plaintiffs have yet to file any response to the motion. Local Rule 7.1(c)provides an opposing party with 11 calendar days after service to serve and file a responsive memorandum. Assuming plaintiffs' counsel was served with the summary judgment motion on October 5, 2005, the second declaration of service, plaintiffs were required to serve and file a response no later than October 21, 2005.

Local Rule 7.1(h)(5) states that a failure to timely file a memorandum of points and authorities in opposition to any motion may be considered as consent to the entry of an order adverse to the party in default. Furthermore, plaintiffs' failure to file a statement of material facts in opposition to defendant's statement of material facts allows the court to assume the facts as claimed by defendant are admitted to exist without controversy. See Local Rule 56.1(d).

**II. DISCUSSION**

This is a diversity case, removed from state court, and plaintiffs' causes of action against defendants are for strict liability and negligence arising from a single vehicle rollover accident occurring in Washington that the plaintiffs allege was caused by a defective tire Bridgestone/Firestone manufactured and for which they sustained injuries. Accordingly, Washington state law applies, including the applicable statute of repose RCW 7.72.060, which is intended to provide some certainty in the area of manufacturers' and sellers' long term exposures for product-related claims. *Morse v. City of Toppenish*, 46 Wn. App.60, 64-65 (1987).

Defendants request an order granting their motion for summary judgment dismissing plaintiffs' claims with prejudice because: (1) the

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 2

subject tire was beyond its useful safe life, and (2) the subject tire was substantially changed after it left the defendants' control.

The court has reviewed defendants' memorandum in support of their motion for summary judgment and the declarations of David M. Poore and Joseph Grant. Based on the plaintiffs' complaint, plaintiffs allege that the Firestone tire on the right rear of plaintiffs' vehicle had a blow out allegedly because of a defect in manufacturing and/or design. (Ct. Rec. 1). Plaintiffs allege that the tire delaminated because it was defective and the delamination caused the blow out.

Plaintiffs, however, have not provided expert opinion(s) on whether the subject tire was defective in design or manufacturing. A review of the complaint reveals that plaintiffs' claims for strict liability and negligent design/manufacturing are factually identical.

The undisputed facts indicate the subject tire was manufactured in the first week of January, 1989 in Wilson, North Carolina. The accident occurred on July 12, 2001, more than twelve years after the tire's manufacturer date. RCW 7.72.060 provides, in part:

> (1) Useful safe life. (a) Except as provided in subsection (1)(b) hereof, a product seller shall not be subject to liability to a claimant for harm under this chapter if the product seller proves by a preponderance of the evidence that the harm was caused after the product's "useful safe life" had expired.
>
> "Useful safe life" begins at the time of delivery of the product and extends for the time during which the product would normally be likely to perform or be stored in a safe manner. For the purposes of this chapter, "time of delivery" means the time of delivery of a product to its first purchaser or lessee who was not engaged in the business of either selling such products or using them as component parts of another product to be sold. . . .

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 3

    (b) A product seller may be subject to liability for harm caused by a product used beyond its useful safe life, if:

    (i) The product seller has warranted that the product may be utilized safely for such longer period; or

    (ii) The product seller intentionally misrepresents facts about its product, or intentionally conceals information about it, and that conduct was a proximate cause of the claimant's harm; or

    (iii) The harm was caused by exposure to a defective product, which exposure first occurred within the useful safe life of the product, even though the harm did not manifest itself until after the useful safe life had expired.

    (2) Presumption regarding useful safe life. If the harm was caused more than twelve years after the time of delivery, a presumption arises that the harm was caused after the useful safe life had expired. This presumption may only be rebutted by a preponderance of the evidence.

Consequently, under RCW 7.72.060(2), the tire was beyond its presumptive useful safe life of twelve years at the time of accident and plaintiffs have not shown the seller has warranted that the product beyond the useful safe life, intentionally misrepresented facts about its tire, or the harm was caused by exposure to a defective tire occurring within the useful safe life. RCW 7.72.060(b)(i), (ii), (iii).

Defendant Bridgestone's tire expert Joseph Grant examined the subject tire and determined that the tire delaminated because of chronic operation while the tire was under inflated, and because of previously inflicted localized road hazard injury. Grant Decl., ¶¶7-8. Mr. Grant opined that the tire was not defectively manufactured or designed. Id. Mr. Grant further opined that at the time of accident, the tire was

///

1  beyond its useful safe life and should have been removed from service.
2  Id. at ¶9.
3  　　　Plaintiffs have not produced an expert report or opinion that
4  refutes the finding that the subject tire was not within its useful life
5  at the time of the accident.  Poore Decl., at ¶4.  Additionally, the
6  court notes that plaintiffs have failed to make their Fed.R.Civ.P. Rule
7  26(a)(2) expert disclosures pursuant to the Scheduling order of December
8  13, 2004.  (Ct. Rec. 8).
9  　　　The court finds that the strict liability and negligent
10 design/manufacturing claims against defendants, which are factually
11 identical in that both claims require existence of a defective product[1],
12 should be dismissed, based on the undisputed material facts of record.
13 Further, the court concludes that the negligence claim cannot survive
14 because there is not sufficient evidence to support it.  To recover for
15 negligence, plaintiffs would need to prove everything required for strict
16 liability (i.e., a defect, proximate cause, damages, etc.), in addition
17 to proving that whatever defect existed in the product was the result of
18 the defendants' negligence.  Plaintiffs have not shown the product was
19 defective.

---

[1]*Lecy v. Bayliner Marine Corp.,* 94 Wash.App. 949, 957-58, 973 P.2d 1110 (1999) citing *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 257 (5th Cir.1988) ("[A]lthough a negligence claim requires a different showing from a strict liability claim, a manufacturer logically cannot be held liable for failing to exercise ordinary care when producing a product that is not defective ...."); see also *Restatement (Third) of Torts: Products Liability* ("Restatement (Third)") § 2 cmt. n (1998) ("Regardless of the doctrinal label attached to a particular claim, design ... claims rest on a risk-utility assessment. To allow two or more factually identical risk-utility claims to go to a jury under different labels, whether 'strict liability,' 'negligence,' or 'implied warranty of merchantability,' would generate confusion and may well result in inconsistent verdicts.").

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 5

**IT IS ORDERED** that Defendants Bridgestone/Firestone, Inc.; Bridgestone/Firestone North American Tire, LLC; and Bridgestone Americas Holding, Inc.'s Motion For Summary Judgment, Ct. Rec. 17, filed on September 19, 2005, is **GRANTED** and judgment is awarded to defendants on the claims for strict liability and negligence.

**IT IS SO ORDERED** .  The District Executive is directed to enter judgment accordingly, forward copies of the judgment and this order to counsel, and close this file.

**DATED** this 24th of October, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 6